# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:04-cv-00258-W

| | |
|---|---|
| SHERILLE BARBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| THE FAMILY CENTER, INC., ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 22). Pursuant to the oral ruling entered in open court on September 27, 2006, the Court DENIES Defendant's Motion for Summary Judgment in part as to the Title VII claims for retaliation and failure to promote. The Court deferred ruling and took under advisement whether Defendant was entitled to summary judgment on the remaining claims. For the reasons stated below, the Court GRANTS Defendant's Motion for Summary Judgment in part on the claim for negligent infliction of emotional distress and claim under N.C. Gen. Stat. § 143-422.1, *et. seq*.

## I. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Turning first to Plaintiff's claim for negligent infliction of emotional distress, under North Carolina law, to prove negligent infliction of emotional distress a plaintiff must establish "that (1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress . . . , and (3) the conduct did in fact cause the plaintiff severe emotional distress." Johnson v. Ruark Obstetrics & Gynecology Assocs., 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990), reh'g denied, 327 N.C. 644, 399 S.E.2d 133 (1990). North Carolina courts do not recognize "a remedy for garden variety anxiety or concern, but only for severe

distress." Pacheco v. Rogers & Breece, Inc., 157 N.C.App. 445, 449, 579 S.E.2d 505, 508 (2003). In Waddle, the Supreme Court explained the difference between "emotional distress" and "severe emotional distress":

> Emotional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. It is only where it is extreme that the liability arises. Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. *The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.* The intensity and the duration of the distress are factors to be considered in determining its severity . . . .

Waddle, 331 N.C. at 84, 414 S.E.2d at 27-28 (quoting Restatement (Second) of Torts § 46 cmt. j (1965)).

Here, Plaintiff sought and received medical treatment from a physician for "acid reflux, stomach cramps, vomiting, loss of sex drive and temporary hair loss." (Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, Doc. No. 24-2, p.7). Despite the fact that Plaintiff has suffered obvious distress and unhappiness because she lost her job and because she felt she was treated unfairly in the process, Plaintiff has not offered evidence that would support her claims that she has suffered "severe emotional distress" as that term has been construed by North Carolina courts. See id.; see also Johnson v. Scott, 137 N.C.App. 534, 528 S.E.2d 402, 405 (N.C.Ct.App.2000) (affirming summary judgment for the defendant where the plaintiff experienced "difficulty sleeping," suffered from nightmares, and experienced periodic loss of appetite, which was diagnosed as "stress related gastinitis" by a physician, but was never "diagnosed by any doctor as suffering from neurosis, psychosis, chronic depression, phobia or any other type of severe mental

condition").

Furthermore, Plaintiff has not demonstrated that it was reasonably foreseeable that Defendant's conduct would cause Plaintiff severe emotional distress. Presumably, any termination will cause the discharged employee some degree of emotional upset. Plaintiff has not alleged any facts that indicate Defendant should have reasonably foreseen that Plaintiff would react in any way other than the usual anger and disappointment associated with being discharged.

The Court finds that Plaintiff has failed to demonstrate that it was reasonably foreseeable that Defendant's conduct would cause here severe emotional distress and also failed to establish that Defendant's conduct did in fact cause the plaintiff severe emotional distress. Johnson, 327 N.C. at 304, 395 S.E.2d at 97. Therefore, summary judgment for Defendant is appropriate on this claim.

## II. NORTH CAROLINA EQUAL EMPLOYMENT PRACTICES ACT

Plaintiff has also asserted a claim under N.C. Gen. Stat. § 143-422.1, *et. seq.,* for discriminatory non-promotion and retaliatory discharge in violation of the North Carolina Equal Employment Practices Act ("NCEEPA"). The Fourth Circuit has held, "there is no private right of action under North Carolina law for retaliation under § 143-422.2." McLean v. Patten Communities, Inc., 332 F. 3d 714, 719 (4th Cir. 2004). Further, "[n]either the North Carolina Supreme Court nor the North Carolina Court of Appeals has recognized a private cause of action under the NCEEPA . . . ." Smith v. First Union Nat. Bank, 202 F.3d 234, 247 (4th Cir. 2000). Accordingly, Defendant's motion for summary judgment as to this issue is also granted.

IT IS, THEREFORE, ORDERED that Defendant's Motion for Summary Judgment is DENIED IN PART and GRANTED IN PART. It further appearing to the Court that no dispositive motions remain in this case and that discovery deadlines have expired, the Clerk is directed to set this case on the trial calendar during its January/February Civil Term.

IT IS SO ORDERED.

Signed: November 6, 2006

Frank D. Whitney
United States District Judge